## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR11-2046 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| DARRYL WILLIAMS, | |
| Defendant. | |

On the 9th day of January, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Cory Goldensoph.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 8, 2011, Defendant Darryl Williams was charged by Indictment (docket number 7) with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. At the arraignment on January 5, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 5, 2012.

At the hearing, Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa, and Cedar Rapids, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on a phone belonging to Arthur Scott, a primary heroin source in the conspiracy. Furman testified that law enforcement heard Defendant's voice on some of the intercepted calls, including calls where Defendant was arranging to get

heroin from Scott. Law enforcement intercepted other calls where Defendant was referenced with regard to supplying heroin, including Scott calling Defendant to source heroin to others. Defendant was also surveilled at three locations where heroin was sold as part of this conspiracy. Law enforcement obtained search warrants for two of the locations and found marijuana, heroin packaging, and other drug paraphernalia, including digital scales.

According to the pretrial services report, Defendant is 46 years old. Defendant told the pretrial services officer that he lived in Cambridge, Massachusetts, and Detroit, Michigan, before moving to Chicago, Illinois, when he was five years old. Defendant moved to Iowa City, Iowa in 1999, and then to Waterloo, Iowa in 2005. Defendant told the pretrial services officer that in the three week period preceding his arrest, he visited his mother in Chicago, and planned to go to a homeless shelter upon his return to eastern Iowa.

Defendant is single and has never been married. He has five children from three prior relationships. His children range in age from 4 years old to 24 years old. He owes more than $14,000 in back child support for his children. He has been unemployed since September 2011. Prior to his unemployment, Defendant worked for Axcess Staffing Service, a temporary employment service in Iowa City, for three or four months.

Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that he consumes two or three shots of liquor one or two times per week. He also stated that he has used marijuana twice per month since age 13, with his last use being one week prior to his arrest on the instant charge. Beginning 2 or 3 years ago, Defendant used heroin on a daily basis until his last use approximately six months ago. Defendant reported completing outpatient substance abuse treatment programs in 2004 and 2006.[1]

---

[1] Documents from the Iowa Department of Corrections indicate that Defendant underwent substance abuse treatment in 2004, but he was discharged unsuccessfully from the program after about four weeks because he failed to attend group and individual treatment sessions, and tested positive for marijuana
(continued...)

Defendant has an extensive criminal record. Beginning in 1983, at age 18, Defendant was charged with aggravated assault. In 1984, he was charged with battery, murder, and armed robbery. In 1987, he was charged in two separate incidents of battery. In 1988, he was charged in separate counts with possession of cocaine and possession of marijuana. All of these charges were either stricken from the docket with leave to reinstate or not prosecuted.

In 1991, Defendant was arrested six times. He was charged with battery on three separate occasions. In each instance the charges were stricken from the docket with leave to reinstate. He was also charged with domestic battery. Again, this charge was stricken from the docket with leave to reinstate. He was charged and later convicted in separate instances of unlawful use of a weapon and possession with intent to distribute cocaine. He received 1 year probation on each of these charges.

In 1992, Defendant was charged and later convicted of battery. He was sentenced to 33 days in jail, and given 1 year probation. In May 1993, Defendant was charged with theft. This charge was stricken from the docket with leave to reinstate. In August 1993, Defendant was charged and later convicted of theft from a person. He was sentenced to 5 years in prison, but was paroled on the date of his sentencing. He was discharged from parole on February 6, 1996.

In 1994, while on parole, Defendant was charged twice on separate occasions with criminal trespass to land. The disposition is unknown in both of those cases. In June 1995, while still on parole, Defendant was charged and later convicted of possession of heroin. He was given 30 month probation. Also in 1995, while still on parole in the theft from a person charge, Defendant was charged with robbery. The disposition of that case is unknown.

In January 1996, while on parole in the theft from a person charge, Defendant was charged with criminal trespass to vehicles. Again, this charge was stricken from the

[1](...continued)
use.

docket with leave to reinstate. In April and June 1996, while on probation in the possession of heroin charge, Defendant was charged in two separate instances with domestic battery. Both charges were stricken from the docket with leave to reinstate.

In August 1997, while on probation in the possession of heroin charge, Defendant was charged and later convicted of the manufacture and/or delivery of a controlled substance. He was sentenced to 54 months in prison. In September 1997, while on probation in the possession of heroin charge, and while the manufacture and/or delivery of a controlled substance charge was pending, Defendant was charged with possession of marijuana. The charge was stricken from the docket with leave to reinstate. In December 1997, when he was sentenced on the manufacture and/or delivery of a controlled substance charge, Defendant's probation in the possession of heroin charge was revoked. In October 1999, Defendant was paroled in the manufacture and/or delivery of a controlled substance charge. His parole was revoked in January 2001, and he was placed back in prison. He was paroled again in March 2001. In June 2001, while on parole, Defendant was charged and later convicted of assault causing bodily injury. He was sentenced to 15 days in jail. His parole in the manufacture and/or delivery of a controlled substance charge was revoked again, and he was returned to prison. He was discharged from prison in October 2001.

In November 2002, Defendant was charged and later convicted in two counts with possession of a controlled substance and destruction of evidence. He was sentenced to 10 days in jail on count one and 120 days in jail with 100 days suspended on count two, and 1 year of probation. In May 2004, while on probation, Defendant was charged and later convicted of possession with intent to deliver cocaine. He was sentenced to 10 years in prison which was suspended, and 3 years probation. A violation of probation in the possession of a controlled substance and destruction of evidence charges was also filed in May 2004. According to Iowa Department of corrections documents, Defendant violated his probation by using marijuana, cocaine, and heroin, emotionally and physically abusing

his girlfriend at that time, and providing his probation officer with a false address. His probation was revoked in July 2004, and he was sentenced to 100 days in jail.

In November 2006, while on probation in the possession with intent to deliver cocaine charge, Defendant was charged with fourth degree theft. This charge was later dismissed. In July 2007, Defendant was charged and later convicted of OWI, first offense. He was sentenced to 90 days in jail with 88 days suspended, and 1 year probation.

In August 2011, Defendant was charged and later convicted of interference with official acts. In October 2011, Defendant was charged in two separate counts with second degree theft and operating a motor vehicle without the owner's consent. Trial in state court is scheduled for later this month.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of

5

violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the

Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C). The Court also finds Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, there is probable cause to believe Defendant has committed a serious drug offense. Accordingly, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Defendant was intercepted on wiretaps indicating his involvement in the drug conspiracy. In the wiretaps, Defendant was both attempting to acquire heroin from a source, and was implicated as being a source of heroin for other individuals.

The distribution of drugs constitutes a generalized danger to the community. The Court is particularly concerned with the distribution of heroin, as it is not uncommon for individuals to die as a result of a heroin overdose. Defendant has multiple drug charges

and convictions. Defendant has also been charged multiple times for violent offenses. He has a history of committing offenses while on pretrial release, probation, and parole. If convicted on the instant charge, Defendant faces a mandatory minimum prison sentence of 10 years. The Court finds that there are no terms and conditions that would reasonably ensure the safety of the community or Defendant's presence at court proceedings. Therefore, based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.      The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.      The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.      On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (January 5, 2012) to the filing of this Ruling (January 9, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.     18 U.S.C. § 3161(h)(1)(D).

DATED this 9th day of January, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA